May Term, 1850.<br><br>PERSONS<br>v.<br>CRANE.

---

## PERSONS and Others *v.* CRANE.

The statute of 1843 authorizes a party interested in an estate to institute a suit in equity against the administrator for waste or mal-administration.

ERROR to the *Jackson* Circuit Court.

BLACKFORD, J.—This is a bill in chancery, filed in 1845, against *Obadiah M. Crane.*

The bill alleges that the complainants, *Lothario C. Persons*, *John L. Persons*, *Susanna Persons*, and *Abigail Persons*, are the heirs at law of *Joseph Persons*, deceased; that the decedent left a widow, *Salina Persons*, who afterwards married one *William Jones;* that the decedent left

Monday,<br>July 15.

personal estate to the amount of 2,000 dollars; that one *Jabez Crane* administered, in 1823, on said *Joseph Person's* estate, and gave bond, with one *John Jacobs* and said *Obadiah* as sureties, payable to the associate judges of the county and their successors in office, and conditioned according to law.

The bill further states that the said administrator made an inventory of the goods of the estate, which goods were appraised at 99 dollars and 25 cents, and an inventory of the notes of the estate, which notes amounted to 1,777 dollars and 47 cents; and that he sold part of the goods for 60 dollars and 54 cents, and returned the inventory and sale-bill to the Probate Court.

The bill further states that said administrator had not made any settlement of his administration, nor paid any debts, nor paid to the complainants their respective shares of said estate; but that, on the contrary, he had collected said notes, and had wasted and misapplied the assets, and converted the same to his own use.

The bill further alleges that said administrator died insolvent in 1829; that said *Susanna* came of age in 1833, said *John* in 1837, said *Lothario* in 1840, and said *Abigail* in 1842; that one of the sureties, *Jacobs*, is dead; that the complainants had frequently requested said *Obadiah* to pay them their respective portions of the estate, amounting to not less than 300 dollars each, exclusive of interest; and that he had refused to pay the same.

The bill prays that said *Obadiah* be made defendant; that he answer the bill; and that he be decreed to pay to the complainants their respective portions of the estate, with interest. There is also a prayer for general relief.

Copies, from the Probate Court, of the bond, inventory, and sale-bill, referred to in the complainant's bill, are made exhibits.

The defendant demurred to the bill, assigning as causes of demurrer that the bill contains no equity, and that the remedy is at law.

The demurrer was sustained and the bill dismissed.

We have the following statutory provision:

"Section 423. Whenever any executor or administrator shall commit any waste or mal-administration, to the injury of any person interested in such estate, such person may institute and maintain therefor any suit at law or in equity, for his own benefit, against such executor or administrator, or against him and his sureties." R. S. 1843, p. 565.

One branch of the condition of the administration-bond before us is, that the administrator shall well and truly administer the goods and chattels of the deceased according to law. The devastavit alleged in the bill is a breach of that part of the condition of the bond; and if the complainants are entitled to distribution as the bill states, they are interested in the estate and injured by the devastavit. In such case, the section above cited expressly authorizes the party injured to institute a suit, either at law or in equity, against the administrators and his sureties. It is for the use of the party injured that the bond is given—R. S. 1843, p. 691; and it would seem to follow that the statute, by authorizing a suit in chancery on the bond, authorizes the bringing of the suit in the names of the persons beneficially interested. It is true that when the bond is sued on at law, the suit must be in the name of the obligee, for the use of the persons interested—R. S. 1843, p. 692—but this statutory provision applies only to suits at law. This appears by the 136th section of the statute just cited, which says that whenever any suit is brought on any bond of any executor or administrator, a duly certified copy of the bond may be *declared* on in like manner as the original. R. S. 1843, p. 692. Here, the saying that the copy "may be *declared* on," shows that suits at law only were contemplated; the words "*declared on*" not being applicable to suits in chancery.

In *England*, when the administrator applies and converts to his own use effects of the intestate, so that those effects are entirely lost to the estate of the intestate, (as where he applies the balance of the intestate's estate, after payment of the debts, to his own purposes, and becomes a bankrupt,) this is such a breach of the condition

of the bond, by which the administrator undertakes well and truly to administer according to law, as will entitle the next of kin to have the bond put in suit at their instance; and the plaintiff in such case is entitled to recover, in an action against the sureties, the full amount of the money that has been so misapplied. The whole of the damages, so recovered, should be paid into the Ecclesiastical Court, there to be distributed as the effects of the intestate. 1 Williams on Ex'ors, 364.—*Archbishop of Canterbury* v. *Robertson*, 1 Crompt. & Mees. 690.

If the facts stated in the present bill be established, it will not necessarily follow that the complainants will be exclusively entitled to the value of the goods wasted. For anything that appears, there may be other persons having claims upon the estate, and should there be such persons, their claims may be adjusted upon their compliance with the conditions prescribed by the statute. R. S. 1843, p. 565.

The complainants, should they prove their case, will be entitled, under the 423d section of the statute, to which section we have already referred, to a decree against the defendant that he pay the value of the goods wasted *into* the Circuit Court to be distributed, according to law, as the effects of the intestate.

*Per Curiam.*—The decree sustaining the demurrer and dismissing the bill is reversed with costs. Cause remanded, with instructions to the Circuit Court to overrule the demurrer and give the defendant leave to plead. Costs here.

*W. A. Porter*, for the plaintiffs.

*J. G. Marshall*, for the defendant.